UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEANNINE     HORTON,     an
individual,

        Plaintiff,

v.                              Case No: 2:13-cv-673-FtM-29CM

ESTERO   FIRE   RESCUE,   a
political subdivision of the
State of Florida and SCOTT
VANDERBROOK, an individual,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendants Estero Fire Rescue's and Scott Vanderbrook's Motion to Strike Certain Paragraphs of Plaintiff's Amended Complaint (Doc. #11) filed on October 25, 2013.  Plaintiff filed a Response (Doc. #15) on November 5, 2013.  For the reasons set forth below, the motion is denied.

**I.**

On October 15, 2013, Plaintiff Jeannine Horton (Plaintiff or Horton) filed an eight-count Amended Complaint (Doc. #8) against Defendants Estero Fire Rescue (EFR) and EFR Fire Chief Scott Vanderbrook (Vanderbrook).  In the Amended Complaint, Horton alleges that Defendants discriminated and retaliated against her in violation of the Americans with Disabilities Act (ADA), the

Florida Civil Rights Act of 1992 (FCRA), and Title VII of the Civil Rights Act of 1964 (Title VII). (Id.) Horton further alleges that Defendants deprived her of her constitutional right to equal protection in violation of 42 U.S.C. § 1983 (Section 1983). (Id.)

The underlying facts, as set forth in the Amended Complaint, are as follows. Horton was hired by EFR in February 2003 and eventually rose to the position of battalion chief. (Id. at ¶ 10.) Horton suffers from multiple disabilities, including "hormonal imbalances, endometriosis, Hypothyroidism, Adrenal Fatigue, Fibromyalgia, IBS, Chronic Fatigue, Chronic Pain, degenerative disc disease, facet joint disorder, cervical, thoracic and lumbar stenopathy and radiculopathy, PTSD, bi-lateral carpal tunnel and sleep disorders." (Id. at ¶ 19.) Horton contends that she was denied training for her position as battalion chief due to her disabilities and, as a result, was subject to unwarranted discipline for mistakes she made as battalion chief. (Id. at ¶¶ 23-24.) According to Horton, non-disabled EFR employees were provided proper training and/or received no discipline under similar circumstances. (Id. at ¶ 25.)

In addition to discrimination on account of her disability, Horton alleges that she was also a victim of gender-based discrimination. According to Horton, EFR "has illegally refused to hire qualified female applicants in favor of under-qualified

male applicants and has targeted its female firefighters for unwarranted discipline." (Id. at ¶¶ 16-17.) Horton contends that this is symptomatic of EFR's "unwritten policy of failing to hire and promote female firefighters and subjecting those female firefighters to far greater scrutiny than their male counterparts." (Id. at ¶ 14.) In support of her allegations of EFR's "unwritten policy" of gender-based discrimination, Horton states that she was prevented from training another female EFR employee, Felicia Rodriguez, for the position of acting battalion chief. (Id. at ¶ 28.) Instead, EFR opted to train less-qualified male employees for the position and, when Ms. Rodriguez objected, EFR subjected her to retaliatory discipline. (Id. at ¶¶ 29-32.)

Horton raised these issues with Vanderbrook and filed two Charges of Discrimination with the United States Equal Employment Opportunity Commission (EEOC). (Id. at ¶¶ 33-35, 40.) Following correspondence with Vanderbrook and her first EEOC Charge, EFR began investigating Horton for alleged policy violations, gave her a poor performance review, and terminated her. (Id. at ¶¶ 36-41.) According to Horton, her termination resulted from Defendants' discrimination against her on account of her disabilities and gender, and served as retaliation for bringing EFR's discrimination to Vanderbrook's attention. (Id. at 44-51.)

Defendants now move to strike paragraphs 14, 16-17, and 28-32 of the Amended Complaint, which contain Horton's allegations of EFR's alleged "unwritten policy" of discrimination against female employees.    (Doc. # 11.)    According to Defendants, those allegations must be stricken as immaterial because they concern EFR's treatment of individuals other than Horton despite the fact that all of Horton's claims are brought solely on her own behalf. (Id.)   Horton responds that the allegations are proper because they relate to a necessary element of her Section 1893 claims. (Doc. # 15.)

## II.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter."   Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."   Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).   "[W]hen deciding a motion to strike, a court must accept the truthfulness of well-pleaded facts and cannot consider matters beyond the pleadings." Thompson v. Kindred Nursing Centers E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Carlson Corp. S.E. v. School Board of Seminole Cnty., Fla., 778 F. Supp. 518 (M.D. Fla. 1991)).

**III.**

"In order to prevail in a civil rights action under § 1983, a plaintiff must show that an act or omission deprived him of a federal constitutional right, and that the act or omission was by a person acting under color of state law." Goia v. CitiFinancial Auto, 499 F. App'x 930, 936 (11th Cir. 2012).  A municipal government entity "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690-91 (1978).  The policy in question may be either "officially-adopted" or "an unofficial custom or practice . . . shown through the repeated acts of a final policymaker for the [municipal entity]." Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329-30 (11th Cir. 2003).

Horton argues that her allegations that EFR discriminated against _other_ female firefighters are relevant to her Section 1983 claims.  According to Horton, these allegations constitute the repeated acts that form the basis for her contention that she was denied her constitutional right to equal protection due to Defendants' unofficial custom or practice of gender-based discrimination.  The Court agrees.

In addition, the paragraphs Defendants seek to strike are relevant to Horton's Title VII retaliation claim.  To prevail on her retaliation claim, Horton must show "(1) statutorily protected expression, (2) adverse employment action, and (3) a causal link between the protected expression and the adverse action." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186-87 (11th Cir. 2001) (quoting Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir. 1993)).  A plaintiff can satisfy the first requirement by demonstrating that she had a "good faith, reasonable belief" that discrimination had occurred and notified her superiors of the discriminatory practices.  Id.  Here, Horton alleges that she wrote to Vanderbrook to complain about what she perceived to be unlawful gender-based discrimination by EFR. (Doc. #8, ¶ 26.)  EFR's alleged history of discrimination against female firefighters—as set out in paragraphs 14, 16-17, and 28-32 of the Amended Complaint—formed the basis for Horton's correspondence (id.), and therefore bear on whether or not she had a good-faith, reasonable belief that discrimination was occurring.

Defendants are correct that the Eleventh Circuit does not permit an individual plaintiff to maintain a Title VII "pattern or practice" claim without certification of a class action.  Davis v. Coca-Cola Bottling Co., Consol., 516 F.3d 955, 969 (11th Cir. 2008).  Therefore, courts will strike as immaterial an individual

plaintiff's "pattern or practice" allegations if they do not relate to the plaintiff's other claims.  See Clark v. Zale Corp., No. 12-CV-1667, 2013 WL 4927902, at *3 (M.D. Fla. Sept. 12, 2013). However, as explained above, the allegations Defendants wish to strike are relevant to both Horton's Section 1983 and Title VII retaliation causes of action.  Thus, the fact that the allegations could also support an impermissible "pattern or practice" claim is not, in and of itself, grounds to strike.  See Badilo v. City of Deerfield Beach, No. 13-CV-60057, 2013 WL 3762338, at *2 (S.D. Fla. July 16, 2013).

Accordingly, it is hereby

**ORDERED:**

Defendants Estero Fire Rescue's and Scott Vanderbrook's Motion to Strike Certain Paragraphs of Plaintiff's Amended Complaint (Doc. #11) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of June, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 7 -